LOWEREE (KNOX v.). See Case No. 7,910.

## Case No. 8,577.

### In re LOWERRE.

[1 Ben. 406;[1] 1 N. B. R. 74; Bankr. Reg. Supp. 16; 6 Int. Rev. Rec. 115.]

District Court, S. D. New York. Sept. 14, 1867.

BANKRUPTCY—WITHDRAWING PROOF OF CLAIM.

Where an agent of a creditor, who had filed proof of the creditor's debt against the bankrupt, asked leave to withdraw the proof of debt, it being alleged that certain facts had been by error omitted: *Held*, that the proof of debt could not be withdrawn, but that the creditor ought to be allowed and required to amend his proof.

[Cited in Re Montgomery, Case No. 9,729.]

In this case, at the first meeting of creditors, Nathaniel Niles, as agent for Edward W. Seabury, proved and filed a claim of Seabury against the bankrupt [James M. Lowerre], but he was not authorized, by any letter of attorney from Seabury, to vote on behalf of Seabury, in the choice of an assignee. Niles then asked leave to withdraw from

file the proof of Seabury's claim. To this the bankrupt objected. It was stated, that Seabury had accepted notes of the bankrupt for $5,000, and agreed to give him a full discharge when they were paid, that the notes were not yet due, and that these facts had, through an error on the part of Niles, been omitted from his deposition in proof of Seabury's claim. On this ground, in part, Niles asked leave to withdraw the deposition. The register thought that Niles ought to be allowed to amend the proof of Seabury's claim, but that he could not, under the circumstances, withdraw from the files the proof already put in. Niles insisted upon his right to withdraw the deposition from the files, and asked that the question should be certified to the judge for his decision.

BLATCHFORD, District Judge. The register is correct in his view. Neither the proof of debt nor the deposition can be withdrawn, but the party ought to be allowed and required to amend his proof. The clerk will certify this decision to the register, Edgar Ketchum, Esq.